Not Reported in F.Supp.
Fed. Sec. L. Rep. P 97,033
**(Cite as: 1992 WL 309884 (D.Kan.))**

Page 1

**H**

United States District Court, D. Kansas.

In re UNITED TELECOMMUNICATIONS, INC.,
SECURITIES LITIGATION.
Relates To: All Actions.

**Civ. A. No. 90-2251-O.**

Sept. 15, 1992.

Eric C. Sexton, Don R. Lolli, Beckett, Lolli, Bartunek & Beckett, Kansas City, Mo., Stephen D. Ramos, Berger & Montague, Philadelphia, Pa., Lee S. Shalov, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Steven M. Steingard, Dianne M. Nast, Kohn, Savett, Klein & Graf, Philadelphia, Pa., Steven J. Toll, Cohen, Milstein, Hausfeld & Toll, Washington, D.C., Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, Pa., David Jaroslawicz, Law Offices of David Jaroslawicz, Richard Dannenberg, Lowey, Dannenberg, Bemporad, Brachtl & Selinger, P.C., New York City, for Steven Friedland.

Eric C. Sexton, Don R. Lolli, Beckett, Lolli, Bartunek & Beckett, Kansas City, Mo., Stephen D. Ramos, Berger & Montague, Philadelphia, Pa., Lee S. Shalov, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Steven M. Steingard, Dianne M. Nast, Kohn, Savett, Klein & Graf, Philadelphia, Pa., for Myra Friedland.

Arthur L. Liman, Allan Blumstein, Paul, Weiss, Rifkind, Wharton & Garison, Stephen D. Oestreich, Patricia I. Avery, Wolf, Popper, Ross, Wolf & Jones, New York City, for William T. Esrey.

Lawrence Kill, Anderson, Kill, Olick & Oshinsky, P.C., New York City, for Paul H. Henson.

Arthur L. Liman, Allan Blumstein, Paul, Weiss, Rifkind, Wharton & Garison, New York City, for Arthur B. Krause.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, Overland Park, Kan., Brant M. Laue, George E. Feldmiller, Mark S. Foster, Stinson, Mag & Fizzell, Laura L. Ozenberger, US Sprint, Law Dept., Arthur A. Chaykin, US Sprint Communications Co., Kansas City, Mo., for United Telecommunications, Inc.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

**\*1** Herein the court issues its ruling on the motion of plaintiffs for class certification in this consolidated securities fraud action.

I. *Claims under the Federal Securities Laws*

Federal Rule of Civil Procedure 23(a) sets forth the prerequisites for maintenance of a class action, commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Smith v. MCI Telecommunications Corp.,* 124 F.R.D. 665, 674 (D.Kan.1989). In addition, the class action must fit within one of the categories described in Rule 23(b). *Id.* In this case, plaintiffs contend that their claims fall within the purview of Rule 23(b)(3), the requirements of which are commonly referred to as predominance and superiority. *See Id.*

A. *Numerosity.*

The proposed class consists of all persons, other than defendants and their affiliates, who purchased or acquired the common stock of United Telecommunications, Inc., during the period from July 18, 1989, to July 16, 1990, inclusive. There can be no serious doubt that the proposed class is sufficiently numerous, and the defendants do not dispute plaintiffs' contentions on this point. Accordingly, the court finds that the numerosity requirement of Rule 23(a)(1) is satisfied.

B. *Commonality.*

The party seeking class certification must demonstrate that there is a least one question of law or fact common to the class. *In re VMS Securities Litigation,* 136 F.R.D. 466, 473 (N.D.Ill.1991). "The commonality requirement is usually met where a question of law refers to standardized conduct by defendants toward members of the proposed class, thereby presenting a common nucleus of operative fact." *Id.* (citing *Patrykus v. Gomilla,* 121 F.R.D. 357, 360 (N.D.Ill.1988)). It is generally recognized that a course of repeated misrepresentations will satisfy the commonality requirement:
    It is well-established that a class action is appropriate in securities fraud cases involving

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.                                                           Page 2
Fed. Sec. L. Rep. P 97,033
**(Cite as: 1992 WL 309884 (D.Kan.))**

similar or identical misrepresentations (even if they are issued at different times). Moreover, the courts generally have been quite liberal in certifying class actions in such cases recognizing that "[i]t is a rare instance that involves but one fraudulent statement...."

*In re Kirschner Medical Corp. Secs. Lit.,* 139 F.R.D. 74, 78 (D.Md.1991) (citations omitted), *accord Esplin v. Hirshi,* 402 F.2d 94, 100 (10th Cir.1968); *Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir.1975).

In the present case, the plaintiffs allege that throughout the class period, defendants painted a rosy picture of the company's conditions and prospects, while concealing "adverse material information about the business, finances, financial condition, and future financial prospects" of the company. The plaintiffs have identified the following common issues of law and fact:

(1) Whether the federal securities laws and/or related state laws were violated by defendants' alleged acts of wrongdoing;

*2 (2) Whether defendants participated in, pursued, conspired in and/or aided and abetted the concerted action or course of conduct complained of;

(3) Whether the documents, filings, releases, and statements disseminated to the investing public omitted and/or misrepresented material facts about the business, markets, products, financial condition, and present and future business prospects of the company;

(4) Whether defendants acted willfully, knowingly, or recklessly in omitting to state and/or misrepresenting material facts, or in conspiring to make or aiding and abetting the making of such misstatements and omissions;

(5) Whether the market prices of United common stock during the class period were artificially inflated due to the non-disclosures and/or misrepresentations complained of herein; and

(6) The extent of injuries sustained by the members of the class and the appropriate measure of damages.

The court finds that these issues are common to the proposed class and that the commonality

requirement of Rule 23(a)(2) is therefore satisfied.

*C. Typicality.*

Typicality is present if " 'the named person's claims have the same essential characteristics as the claims of the class at large.' " *In re Bally Mfg. Corp. Securities Litigation,* 141 F.R.D. 262, 268 (N.D.Ill.1992) (quoting *Swanson v. Wabash, Inc.,* 577 F.Supp. 1308, 1323 (N.D.Ill.1983) (citing *De La Fuente v. Stokey-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983))).

> A plaintiff's claims are typical if they arise from the same events or course of conduct giving rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual differences between the plaintiff's claims and the claims of other class members.

*Id.* (citing *Swanson,* 577 F.Supp. at 1323-24). The similarity of legal theory may control even where there are factual differences. *De La Fuente,* 713 F.2d at 232; *Bally,* 141 F.R.D. at 268; *In re VMS Secs. Lit.,* 136 F.R.D. 466, 475 (N.D.Ill.1991).

The claims in this case satisfy the typicality requirement. As in *VMS,* the plaintiffs here allege that the defendants' public statements were false and misleading and painted an overly optimistic picture of the company's condition, causing the company's stock to trade at inflated prices. The class claims are based upon a single set of events and the same legal theory. *See Kirschner,* 139 F.R.D. at 79 (claims need not be identical; typicality is satisfied even though varying fact patterns support the claims or defenses of individual class members or there is a disparity in the amount of damages claimed). Accordingly, the court concludes that the typicality requirement of Rule 23(a)(3) is satisfied.

*D. Adequacy of Representation.*

The adequacy of representation standard of Rule 23(a)(4) requires (1) that the named plaintiff not have interests that are antagonistic to those of the class, and (2) that the named plaintiff's attorney be qualified to conduct the litigation as a class action. *Smith,* 124 F.R.D. at 676. Defendants do not object to the adequacy of the class representative, but they do object to plaintiffs' counsel. Defendants do not assert that plaintiffs' counsel are

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.                                                                                          Page 3
Fed. Sec. L. Rep. P 97,033
**(Cite as: 1992 WL 309884 (D.Kan.))**

incompetent to conduct this action as a class action; indeed, it appears that plaintiffs' counsel are able and experienced securities fraud lawyers. Defendants attack plaintiffs' counsel on other grounds, including an alleged failure to conduct a pre-filing investigation, and what defendants perceive to be an excessive number of plaintiffs' attorneys. These arguments do not persuade the court that plaintiffs' counsel are not qualified to conduct the litigation as a class action. Defendants' allegations, even if true, cast no doubt on the ability of plaintiffs' counsel to vigorously and competently prosecute the claims. *See Kirschner,* 139 F.R.D., at 79. Therefore, the court finds that the adequacy of representation requirement in Rule 23(a)(4) is satisfied.

E. *Predominance and Superiority.*

**\*3** Once it has been determined that the requirements of Rule 23(a) have been met, the court must determine whether the predominance and superiority provisions of Rule 23(b)(3) are satisfied. Rule 23(b)(3) requires the court to find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that the class action is a superior method for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

In determining whether the predominance standard is met, courts focus on the issue of liability. *Gold Strike Stamp Co. v. Christensen,* 436 F.2d 791, 796 (10th Cir.1970); *Kirschner,* 139 F.R.D. at 80. If the liability issue is common to the class, common questions are held to predominate over individual ones. *Id.*

The court concludes that common questions predominate in this case. The central issues in this case arise out of the plaintiffs' allegations that the defendants issued materially false and misleading statements about the company; that the defendants were in possession of undisclosed adverse information at the time; that as a result, United's stock traded at an inflated price in the market; and that plaintiffs were damaged by these events. The allegations of fraud are based upon public statements and a course of action directed to the public at large. The central facts and theory of recovery are identical for all the plaintiffs; the only

significant variation arises because the individual class members bought United shares at different times. Although this variation will raise some individual questions, the overwhelming balance of the factual and legal issues in this case are common to all plaintiffs. Where plaintiffs allege a common nucleus of misrepresentations, material omissions, and market manipulation, the common questions predominate over any differences between individual class members with respect to damages, causation, and reliance. *Blackie,* 524 F.2d at 902; *Esplin,* 402 F.2d at 98-100; *In re Unioil Secs. Lit.,* 107 F.R.D. 615, 622 (C.D.Cal.1985). Accordingly, the court concludes that the predominance requirement of Rule 23(b)(3) is satisfied.

The superiority requirement of Rule 23(b)(3) compels the court to determine whether a class action is superior to other methods of adjudicating the controversy at issue. *Smith,* 124 F.R.D., at 679. The rule spells out four factors for the court to consider in this inquiry. It is generally accepted that class actions are favored in securities fraud actions involving numerous plaintiffs, and particularly in fraud on the market claims. *E.g., In re Storage Tech. Corp.,* 113 F.R.D. 113, 115 (D.Colo.1986); *Esplin,* 402 F.2d at 101 (in a securities fraud case, a class action achieves economies of time, effort, and expense, and promotes uniformity of decision as to persons similarly situated).

The court finds that a class action is superior to other methods of adjudicating this controversy. The defendants do not controvert plaintiffs' assertions on this point, and the court's review of the factors set forth in the rule and the circumstances of this case confirm that this action is well-suited to class action treatment.

**\*4** In conclusion, the court finds that all the prerequisites to certification of a class are satisfied, and that the class should be certified as to the federal securities laws claims.

II. *Pendent State Law Claims*

Plaintiffs assert pendent state law claims of negligent misrepresentation and breach of the Kansas Securities Act, Kan.Stat.Ann. § 17-1253. Defendants object to certification of these claims,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 5:02-cv-00273-C   Document 66-3   Filed 01/16/04   Page 4 of 5

Not Reported in F.Supp.                                                                                                      Page 4
Fed. Sec. L. Rep. P 97,033
(Cite as: 1992 WL 309884 (D.Kan.))

arguing that individual questions will predominate on the issues of reliance and because the law of different states may apply.

"It is well-recognized that Rule 10b-5 claims and common law fraud actions have similar issues of proof. As one court has observed, 'the similarities between the two outnumber the differences.' " *Kirschner,* 139 F.R.D. at 83 (quoting *Dekro v. Stern Bros. & Co.,* 540 F.Supp. 406, 418 (W.D.Mo.1982) (other citations omitted)). In this case, plaintiffs' state law claims are predicated on the same series of events as their federal claims. For the same reasons as in the federal claims, the requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied.

Defendants argue that the predominance requirement is not satisfied because individual proof of reliance will be required. While it does appear that plaintiffs will be required to prove individual reliance as to each plaintiff, this is not to say that individual questions will predominate over the common ones. *See Eisenberg v. Gagnon,* 766 F.2d 770, 786 (3rd Cir.1985). For both the federal and state claims, plaintiffs will be required to prove that the statements and omissions made by defendants were materially false and misleading. Much of the evidence necessary to establish defendants' liability on the federal claims will be equally necessary for plaintiffs' state law claims. *See Kirschner,* 139 F.R.D. at 83 (certifying pendent claims notwithstanding individual questions of reliance); *In re Victor Tech. Secs. Lit.,* 102 F.R.D 53, 59 (N.D.Cal.1984) (class certified as to pendent claims because state claims predicated upon the same conduct as the federal claims), *aff'd,* 792 F.2d 862 (9th Cir.1984). Courts agree that considerations of judicial efficiency and economy are furthered by certification of the pendent state law claims when those claims arise out of the same conduct as the federal claims. *See Kirschner* 139 F.R.D. at 83 (and cases cited therein). Accordingly, the court concludes that common questions predominate over individual ones in the state law claims.

Defendants also oppose class certification of the state law claims because the applicable law of different states will cause individual questions to predominate. The court will not resolve the choice of law issues at this juncture. *See Kirschner,* 139

F.R.D. at 84 ("many courts have found it inappropriate to decide choice of law issues incident to a motion for class certification."). Plaintiffs argue that the substantive law of Kansas will apply to all state law claims under Kansas precedent and *Phillips Petroleum v. Shutts,* 472 U.S. 797 (1985). The court recognizes the possibility that Kansas substantive law will apply to all the pendent claims; however, it is also possible that under Kansas choice of law rules the law of various states will apply. But even if the law of various states is applicable to the pendent claims, that fact does not make class certification inappropriate. As the *VMS* court noted in a case similar to this one:

*5 [E]ven if the laws of different states apply to various plaintiffs, the differences among issues of law and fact would not outweigh the common issues of law and fact otherwise present in this consolidated lawsuit.... Plaintiffs' claims stem from collective alleged misrepresentations and omissions; there are no allegations of individualized statements made by any of the defendants that affected each plaintiff differently.

Plaintiffs will have to prove the same misrepresentations and omissions regardless of the state law applicable to each plaintiff's claims.

Furthermore, substantial evidence concerning the federal securities claims will also apply to the state law claims, making common questions of fact pervasive.

*VMS,* 136 F.R.D. at 480. Moreover, it is unclear at this time whether there exists such a substantial variation among the states with regard to the common law claims as to outweigh the commonality of legal and factual issues otherwise present in this litigation. *See Kirschner,* 139 F.R.D. at 84. Accordingly, the court will join the numerous other courts that have certified pendent state law claims when a class is certified for the litigation of federal securities laws claims. *See Cameron v. E.M. Adams & Co.,* 547 F.2d 473, 478 (9th Cir.1976) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)); *Victor,* 102 F.R.D. at 59; *VMS,* 136 F.R.D. at 480 ("The recent trend in securities fraud cases is to certify related pendent claims, allowing for reconsideration upon a later determination that the applicable state laws are so diverse that the class certification is inappropriate.").

In concluding that the state law claims are appropriate for class treatment, the court

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.                                                            Page 5
Fed. Sec. L. Rep. P 97,033
**(Cite as: 1992 WL 309884 (D.Kan.))**

specifically finds that the elements of numerosity, commonality, typicality, and adequacy of representation are satisfied with respect to these claims. Additionally, the court finds at this juncture that common questions of law and fact will predominate over individual ones, and that a class action is superior to other methods of adjudicating the state law claims.

*Starting Date of the Class Period*

Defendants object to the date proposed by plaintiffs as the opening of the class period. Plaintiffs contend that the class period should begin on July 18, 1989. The complaint alleges that false and misleading statements were issued on that date and thereafter.

Limitation of the class period on the present motion for certification would be an impermissible assessment of the merits of the action. *Bally,* 141 F.R.D. at 270. Plaintiffs allege that fraudulent statements were issued on July 18, 1989, and thereafter; if true, these allegations would support claims made by those who acquired the stock on or after that date. Therefore, the court will not limit the class period as defendants request.

IT IS THEREFORE ORDERED BY THE COURT that plaintiff's Motion to Certify the Class (Doc. # 37) is granted, and a class is certified on behalf of all persons who purchased or acquired the common stock of United Telecommunications, Inc., during the period July 18, 1989, and July 16, 1990, inclusive; excluded from the class are defendants and those persons acting in concert with them, members of the immediate families of the individual defendants, and the officers and directors of the corporate defendants.

**\*6** IT IS FURTHER ORDERED that plaintiffs are granted twenty (20) days to submit to the court a proposed form of notice to the class members, together with a suggested means of distributing the notice. Defendants will then have ten (10) days to respond to plaintiffs' proposals. Prior to the submission of plaintiffs' proposals, the parties should confer and attempt to agree upon the form and means of distribution for the notice.

1992 WL 309884 (D.Kan.), Fed. Sec. L. Rep. P 97,033

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works